IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY WILSON, | § | |
| #25043326, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-931-B-BW |
| | § | |
| NATIONAL AERONAUTICS SPACE | § | |
| ADMINISTRATION, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Sidney Wilson's filing styled as a Petition for Writ of Habeas Corpus, received on March 20, 2026. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should liberally **CONSTRUE** the filing as a non-habeas civil complaint and **DISMISS** it with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as frivolous and for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

On March 20, 2026, Wilson, an inmate currently incarcerated in the Dallas County Jail, filed this action against the National Aeronautics Space Administration ("NASA"), John Doe Russian Scientist, and "affiliates 'the Mafia'." (*Id.* at 1 (capitalization altered).) Wilson contends that these Defendants "have a symbiotic relationship acting under the color of law, violate Bivens Act, as federal officials, as

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

well as 42 U.S.C[.] § 1983, civil rights governed by the Fifth, First, Fourth, and Fourteenth Amendments of the U.S. Const." (*Id.* at 2 (capitalization altered and emphasis omitted).)

According to Wilson, for over 20 years, Defendant NASA "has been using Patented and certified government property and equipment against Petitioner such as 'voice to skull' Patented technology (used to scare birds from the vi[]cinity of Airports), and military psychological operations meant to be used against foreign enemies." (*Id.* at 1-2; *see also id.* at 4.)  He alleges that "[NASA] and its affiliates the Mafia are an occult of 'Masons' and the [NASA] Russian Scientist is the head–'Top Mason.'" (*Id.* at 2.)  He further alleges that Defendants are "using government technology [to] read and record every thought, ideal and sound of Petitioner's mind, which [Defendants] then expose to the media and public, and the public can in turn monitor and view every aspect of Petitioner's life on their cellphones." (*Id.*; *see also id.* at 7.)  He accuses Defendants of monitoring him 24 hours a day, even while he is incarcerated at the Dallas County Jail. (*See id.* at 2-3.)  Wilson asserts that Defendants' alleged conduct has "caused the Petitioner to be in mental, emotional, and physical detention and deprived Petitioner of liberty by personal and governmental restraints in Petitioner's life." (*Id.* at 2; *see also id.* at 4-5.)  He seeks injunctive relief "restraining [Defendants] from continue[d] surveillancing, tracking, monitoring, and broadcasting Petitioner's life to the Internet and Public[.]" (*Id.* at 8.)

## II.  NATURE OF FILING

Wilson titles his filing as a habeas corpus petition and includes citations to various habeas statutory provisions in support of his requested relief.  (*See* Dkt. No. 3 at 1, 7-8.)  A pre-trial detainee, such as Wilson, may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Although Wilson is currently in pre-trial detention at the Dallas County Jail, his allegations do not challenge the fact or duration of that confinement, nor do they raise grounds for release from it.  Rather, the "custody" Wilson challenges is the Defendants' alleged 20-year use of "government property and equipment . . . such as 'voice to skull' Patented technology (used to scare birds from the vi[]cinity of Airports), and military psychological operations" against him, including during his incarceration.  (Dkt. No. 3 at 1-2; *see also id.* at 3.)  Because his allegations, at most, challenge the conditions of his current confinement in the Dallas County Jail—and would not result in his accelerated release from the Dallas County Jail were he to prevail—the Court properly construes Wilson's filing as a non-habeas civil complaint, despite his attempts to characterize it otherwise.[2]  *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (instructing "'district courts to determine the

---

[2]  Even if the Court were to construe Wilson's filing as a habeas petition under § 2241, any such habeas claims appear to be subject to dismissal for failure to exhaust state remedies.  *See, e.g.*, *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (requiring a habeas petitioner to exhaust state remedies by "present[ing] his claims in a procedurally correct manner" to "the highest court of his state.").

true nature of a pleading by its substance, not its label'"); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

### III. ANALYSIS

As a prisoner seeking redress from a governmental entity, officer, or employee, Wilson's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because Wilson has not paid the applicable filing fee for a civil action and is seeking to proceed in forma pauperis in this action, his complaint also is subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for sua sponte dismissal of a complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when its factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33 (internal citations and quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions" and

"formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 555.

The Court must always liberally construe pleadings filed by pro se litigants, such as Wilson. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even so, pro se litigants must plead factual allegations that raise the right to relief above a speculative level. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Here, although Wilson's complaint references various federal statutes, constitutional amendments, and purported bases for federal relief, it is comprised of—at best—no more than "legal conclusions[,] mere labels[,] threadbare recitals of the elements of a cause of action[,] conclusory statements[,] and naked assertions devoid of further factual enhancement" in support of entitlement to federal relief. *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citation omitted). None of these categories of statements is sufficient to state a plausible claim to relief on the face of the complaint. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Further, even under the most liberal construction due pro se pleadings, the substantive allegations on which Wilson's claims are premised are fanciful and incredible, and thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Accordingly, the Court should dismiss Wilson's complaint with prejudice as factually and legally frivolous and for failure to state a claim. [3]

## IV.  LEAVE TO AMEND

Although a pro se plaintiff ordinarily should be granted leave to amend the complaint before dismissal, leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As the Court has explained, Wilson has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Wilson could allege cogent and viable legal claims.  The Court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## V.  RECOMMENDATION

The Court should **CONSTRUE** the Petition for Writ of Habeas Corpus, received on March 20, 2026 (Dkt. No. 3), as a non-habeas civil complaint and

---

[3] The Court notes that Wilson also has filed multiple unsuccessful actions in this Court, the United States District Court for the Southern District of Texas, and the United States District Court for the Eastern District of Texas alleging similar allegations against the same or similar defendants.  *See Wilson v. Wyche*, No. 3:24-CV-2117-S-BK, Dkt. Nos. 11, 13-14 (N.D. Tex. Jan. 7, 2025) (dismissing complaint against NASA director, a John Doe Russian scientist, and the Mafia for failure to comply with a court order); *Wilson v. Houston NASA*, No. 3:23-CV-2160-N-BK, 2023 WL 8703766 (N.D. Tex. Oct. 10, 2023) (dismissing complaint against "Houston NASA, a John Doe Russian Scientist, who works for Houston NASA, and his associates, also known as the 'Mafia'" for lack of subject matter jurisdiction), *rec. adopted*, 2023 WL 8707102 (N.D. Tex. Dec. 15, 2023); *Wilson v. Houston-NASA*, No. 5:21-CV-117, 2021 WL 8083355 (S.D. Tex. Dec. 6, 2021), *rec. adopted*, *Wilson v. Doe*, 2022 WL 1125771 (S.D. Tex. Apr. 14, 2022) (dismissing civil complaint as frivolous); *Wilson v. Houston-NASA*, No. 5-21-CV-00975-XR-RBF, 2022 WL 22433533 (W.D. Tex. Jan. 18, 2022) (dismissing civil complaint as frivolous and for lack of jurisdiction); *rec. adopted*, 2022 WL 22433532 (W.D. Tex. Apr. 4, 2022).

**DISMISS** it with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as frivolous and for failure to state a claim upon which relief may be granted.  The Court should count this dismissal as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

      **SO RECOMMENDED** on April 7, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).